**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL**
**CIRCUIT IN AND FOR HILLSBOROUGH COUNTY**
**STATE OF FLORIDA**

MARZUQ AL-HAKIM,
           Plaintiff,
VS.                       CASE NO.       08 14232

SGT. ASHLEY ROBERTS,
In her individual and official
Capacity as Tampa Police Officer,
DAVID HASSETT, in his individual
And official capacity as Tampa Police
Officer, CITY OF TAMPA, as employer.
          Defendants.
_____/

**DIVISION C**

## COMPLAINT AND DEMAND FOR JURY TRIAL AND DAMAGES

COMES NOW plaintiff, Marzuq Al-Hakim, pro-se and hereby sues the above-

Styled defendants for abuse of process, false arrest, malicious prosecution, 4th

Amendment to U.S. Const., violation under **42 U.S.C. Section 1983,** under

Color of State law. Pursuant to; **Rule 1.110(b), Fla. R. Civ. P.**  The plaintiff

States as grounds alleges as follows;

### JURISDICTION

Jurisdiction is found upon **Article V, Section 5(b), Fla. Const.,** to issue any writ

Necessary in aid of it's jurisdiction. Further, this court have concurrent jurisdiction

Over Section 1983 claims. See, **Patsy v Board of Regents of Florida,** 457 U.S. 496,

506-507 (1982).

### VENUE

Venue is found upon **F.S. 47.011 (2007),** all parties are resident and acts occurred in

Hillsborough County, Florida.

-2-

## GENERAL ALLEGATIONS AS TO ALL COUNTS

1. The plaintiff is an African-Amercian a minority group protected class by U.S. Congress When it enacted Civil Rights law of 1871, Ku Klux Klan Act, currently known as **42 U.S.C. Section 1983,** to prohibit abuse of State power by local government officials, law enforcement.

2. The plaintiff filed notice of claim under F.S. 768.28 (2007), for all State law violations. See, attached (exhibit).

3. The defendants Ashley Roberts and David Hassett are law enforcement officers of the City of Tampa, under **F.S. 943.10 (2007).** Further, they must have good moral character under **F.S. 943.13(7) (2007).**

4. The defendants Ashley Roberts and David Hassett act or omission was committed in Bad faith or with malicious purposes or in a manner exhibiting wanton and willful disregard Of human rights, safety, or property. Under **F.S. 768.28 (9)(a) (2007).**

5. The defendant City of Tampa is a municipality organized under **F.S. 166,** by the State of Florida legislature. The city of Tampa has a unconstitutional de facto custom/usage Of allowing police officers of the City of Tampa to use ploy and ruse to enter Black Citizens Homes without search warrants as required by **F.S. 933** and T.P.D. **(S.O.P.) 821** mandated by **4th Amendment to U. S. Const.** Such misconduct formed a policy which was the moving force Behind the unconstitutional violation. Further, the City of Tampa fail properly train their officers Not to discriminate and treat all citizens equal before the law and enforcement thereof the same.

6. The defendants Ashley Roberts and David Hassett made false official statements when They authored and attested to a criminal arrest affidavit and filed a false report contravening **F.S. 837.05 (2007) and F.S. 837.06 (2007).**

-3-

7.  The defendant s Ashely Roberts and David Hassett do not enjoy qualified
Immunity because they intentionally committed illegal acts which they  known would
Violate plaintiff constitutional rights. Further, there were no discretionary authority
When the alleged wrongful act occurred. See, **Zeigler v Jackson,** 716 F. 2d 847
(11th Cir. 1983).

8.  On February 28, 2008, the State County Court in **Al-Hakim v State,** Case
No. 08-CM-002289, Div. "G" was **"Nolle Prossed"** by the State Attorney Office. See,
Attached (exhibit).

9.  Under **Rule 1.130(b), Fla. R. Civ. P.,** all exhibits attached to the complaint is
Part thereof for all purposes. Further, is direct evidence to prove a fact under **F.S.
90.402 (2007).**

## COUNT, I

10. The plaintiff realleges and avers paragraphs 1 through 9 by incorporating
Them fully herein this Count, I to be read in tandem.

11. On or around Nov. 2007, officer David Hassett and involved in an illegal
Entry into the home of plaintiff using  a pretextual reasons; "an arrest warrant for
My brother, Reginald Harris". As the other officers colleaque, David Hassett fail
To warn of the misconduct. Plaintiff was taking a shower when the bath room
Door was open by officers to seek personal Id. There were no permission given
For this intrusion upon the privacy of plaintiff. After continued request to leave and
The officers refusal to do so. Plaintiff placed a call to 911 for a supervisor to act.
Ashley Roberts arrived and ordered the officer to come out of the house and leave.
Ms. Roberts fail to reprimand for this misconduct it was condoned for reasons unknown.

-4-

12. On February 1, 2008, officer David Hassett arrived at plaintiff resident to answer a 911 call for the captain to address the continued misconduct. After the call 911 was repeaded. At the directions of Corp. John Womack, David Hassett authored A false trump up charge of abuse of 911, under F.S. 365.171 (2007) knowingly that Plaintiff did not provide any false information to the communication desk officer at T.P.D.

13. David Hassett abused the criminal court process when he used the judiciary For an illegal purpose to intern the plaintiff in the Hillsborough County jail intentionally Misusing process for unlawful objective and ulterior purposes not intented by law.

14. David Hassett committed malicious prosecution when he filed false trump up Criminal arrest affidavit which was nolle prossed on February 28, 2008 by State Attorney Office. Further, this caused a false arrest for the abuse of 911 charged under F.S. 365.171 (2007).

15. David Hassett violated T.P.D. (S.O.P.) 821 when he acted in concert with other Officers to illegally enter the house of plaintiff without a warrant signed by as Judge Under F.S. 933.07 (2007), contravening the 4th Amendment to U. S. Const. WHEREFORE, this court should find a violation under color of state law, abuse of Process, false arrest, malicious prosecution and violation of the 4th Amendment to The U.S. Const. under 42 U.S.C. Section 1983, damages in the amount of $100,000 Dollars trial by jury on all issues so triable.

-5-

## COUNT,II

16.   The plaintiff realleges and avers paragraphs 1 through 9 by incorporating Them fully herein this Count, II  to be read in tandem.

17.   On or around Nov. 2007, officer Ashely Roberts was acting supervisor in District 2 when a 911 call was placed for her subordinate officers misconduct for Seeking illegal entry into the house of plaintiff. After Ms. Roberts arrived an observed The officers into the house and ordered them to come out and leave she was in collusion With the misconduct by condoning a violation of the 4th Amendment rights to be free From illegal intrusion.

18.   Officer Ashley Roberts on February 1, 2008 was acting supervisor in District 2 When a call was placed for some of the same officers seeking a pretextual reasons using A ploy and ruse to enter plaintiff house without a warrant. Thereafter officer Ashley Roberts allowed a false trump up charge abuse of 911 to be authored an notarized By her to be filed before the State Attorney Office for malicious prosecution and abuse Of process on February 28, 2008, the charge was nolle prossed.

19.   As a direct and proximate cause of Ashley Roberts failure to properly supervise Her subordinate officers she intentionally allowed the misconduct and condone it and Acted in concert abusing her power causing plaintiff to suffer abuse of process, malicious Prosecution, 4th Amendmen, mental anguish, loss of freedom due to false arrest. WHEREFORE, based upon the foregoing reasons this court should find a violation of State law violations of abuse of process, malicious prosecution, false arrest, 4th Amend.

-6-

Under 42 U.S.C. Section 1983. Damages in the amount of $100,000 dollars trial by jury.

## COUNT, III

20. The plaintiff realleges and avers paragraphs 1 through 9 by incorporating them Fully hererin this Count, III to be read in tandem.

21. The City of Tampa has Fail to train its officer Ashley Roberts and David Hassett not to discriminate against Black Citizens who are similar situated as White Citizens. They are not subjected to illegal policy of entering their home without a Warrant and arrested after calling 911 to report the misconduct interned into jail on False trump up charges.

22. As a direct and proximate cause of the City of Tampa failure to properly train It officers not to discriminate against Black Citizens, plaintiff 4th Amendment rights Was violate and mental anguish injury as a result of unconstitutional policy. WHEREFORE, based upon the foregoing this court should find a violation of 42 U.S.C. Section 1983. Damages in the amount of $100,000 dollars, trial by jury.

## DECLARATION

I DECLARE UNDER PENALTY OF PERJURY THAT ALL STATEMENTS HEREIN THIS COMPLAINT ARE TRUE. **F.S. 92.525 (2007).**

DATE:___6__/__25__, 2008       /S/ _____

Marzuq Al-Hakim, pro-se
1115 E. Eskimo Ave.
Tampa, Florida 33604
(813( 915-9196

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA

MARZUQ AL-HAKIM                                    Certified Mail return receipt
1115 E. ESKIMO AVE.                                No. 7007  0710 0000  8634  6252
TAMPA, FLORIDA 33604
Birth Date; 3/15/57
Birth Place; Tallahassee
SS No. 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
        Complainant.
VS.

SGT. ASHLEY ROBERTS (#4494) and
DAVID HASSETT (#49248) of the TAMPA
POLICE DEPARTMENT, DISTRICT 2 OFFICE
9330 N. 30th STREET
TAMPA, FLORIDA 33612
        Respondents.
_____/

## VERTIFIED NOTICE OF CLAIM UNDER F.S. 768.28 (2007)

TO; FLORIDA DEPARTMENT OF FINANCIAL SERVICES
   200 EAST GAINES STREET
   TALLAHASSEE, FLORIDA 32399-0322

NOTICE IS HEREBY given by Marzuq Al-Hakim, complainant for claims of
Abuse of process, malicious prosecution, false arrest, 4th Amendment to
U.S. Const. violation to be free of illegal entry of home. Under **F.S. 768.28 (2007),**
to all of the above said parties. Complainant have been adjudicated of a penalty of
$ 2,000 on January 12, 2007. Further, there have been no other adjudication by any
Court, or administrative tribunal for any fine, penalty, judgment against complainant
The complainant states as follows;

## COUNT, I

1. The complainant is resident of Hillsborough County, Florida at all times pertinent
   and acts alleged herein occurred therein. Further, respondents are resident and
   employees of Tampa Police Department and must have good moral character.

-2-

2. The officers Ashley Roberts and David Hassett imbarked upon an illegal practice
   of entry of "Black Citizens" residents in violation of  T.P.D. (S.O.P.) 821 and the
   4th amendment to the U.S. Const. when they entered the home of complainant on
   On around Nov. 2007,while complainant was taking a shower. The basis used was
   An arrest warrant for my brother Reginald Harris for traffic violation. The
   invasion was unwarranted and illegal as a matter of law. Complainant  dial 911
   For a supervisor to stop the misconduct and Ashley Roberts did not reprimand the
   Officers nor did David Hassett they condone the practice and continued its
   mandate

3. On February 1, 2008, officer David Hassett accompanied other officers of (T.P.D.)
   On an investigation of the vehicle of my brother Reginald Harris because a suspect
   Fleed from (T.P.D.) officer in view of them. The officers did not see the suspect
   Enter the resident of complainant. However, officers attempted to gain entry into
   The home of complainant to see if the suspect was hiding therein when they knew
   He was not present. After refusal to allow such without a warrant the officers
   Became hostile and started beating on the door because they were not allow to
   Search. The complainant call 911 due to the illegal act and misconduct also
   Because this was the some of the same officer who prior committed this ploy
   And ruse a captian, J. Newman was sought the District 2 comander. David
   Hassett trump up a false charge of abuse of 911 under F.S. 365.172 and
   Ashley Roberts condone the arrest for retaliation for refusal to allow search
   Of my home. On February 28, 2008, the court Nolle Pros the said charge.

4. The respondents owed a duty of care to complainant and that duty was breached
   And caused injury to complainant who suffered from mental anguish false arrest
   Intentionally imposed by Ashley Roberts and David Hassett, abuse of process.
   Malicious prosecution, violation of the 4th Amendment to the U.S. Const., tort.
   WHEREFORE, complainant seek damages in the amount of $100,000 dollars.

## DECLARATION

I DECLARE under penalty of perjury that all statements herein this notice are
true. **F.S. 92.525 (2008).**


DATE: March 25 , 2008            /S/ Marzuq Al-Hakim

                                 Marzuq Al-Hakim,
                                 complainant

**Mr. Marzuq Al-Hakim**
**1115 E. Eskimo Ave.**
**Tampa, Florida 33604**
**(813) 915-9196**

February 5, 2008

Mrs. Ramsten, Captain
Tampa Police Department
Internal Affairs Section
411 N. Franklin St.
5th Floor
Tampa, Florida 33602
FAX: (813) 274-5735

### RE: COMPLAINT FOR INVESTIGATION AND OFFICIAL REPRIMAND
### (AGENCY REPORT NO. 08-65639)

Dear Mrs. Ramsten,
I am seeking the above said matter. Prior on or around Nov. 26, 2007, some of the
Same 4 officers in the agency report no. 08-65639 arrived at my resident and entered
Without permission and without a warrant mandated by T.P.D. (S.O.P.) 821. A 911
Call was place to provide a supervisor to stop the misconduct. The supervisor arrive
And instructed them to leave. On February 1, 2008, some of the same officers return
Seeking to enter the residence looking for a suspect who fleed from a car belong to
My brother Reginald Harris. The officer did not see the suspect enter the house nor
Did he fleed in the area. After I refused to allow a warrantless search the officers became
hostile and used profane language. I ask for a supervisor and they refused and I called 911
For assistance because my 75 year old mother was sick and the officers start beating on
My mother's door. The officers left and returned again seeing the same and in fear of my
Life I call for the captain from the prior 911 call. I was arrested by the criminal arrest
affidavit affaint for misuse of 911. I had a valid reason because of the crime being
committed by the officers and the emergency situation of my sick mother condition.
Thank you, I await your response.

Respectfully Submitted

Marzuq Al-Hakim

CC: J. Newman, Capt.
    T.P.D. District 2 office
    9330 N. 30th St.
    Tampa, Florida 33612
    FAX: (813) 931-657021

Probable Cause Determined

1245990

Use Ballpoint Pen
Press Firmly

# CRIMINAL REPORT AFFIDAVIT / NOTICE TO APPEAR

GRID # 29 73

**COURT CASE/** 08-2289   **J.F. ID #**   **SAO #** G-2-28   **OBTS #** 2901188576

**ARREST**
- ☒ Probable Cause ☒ Adult
- ☐ Capias ☐ Juvenile
- ☐ Fugitive Warrant ☐ Delinquency
- ☐ VOP/VOCC ☐ Dependency
- ☐ Warrant ☐ Felony
- ☐ Juvenile Pickup ☒ Misdemeanor
- ☐ Traffic MISD

**AGENCY REPORT #** 08-65639   **AGENCY NAME** Tampa PD   **ORI #** 02902

**LOCATION OF OFFENSE** 1115 E. Eskimo Ave   **DATE OF OFFENSE** 02-01-08   **TIME OF OFFENSE** 2019

**WITHIN:**
TAMPA ☒ PLANT CITY ☐ TEMPLE TERRACE ☐ UNINCORPORATED AREA ☐ SUPPLEMENTAL CRA ATTACHED ☐

**REQUEST FOR:**
- ☐ Direct File/SAO Review ☐ Traffic FEL
- ☐ Warrant ☐ Ordinance
- ☐ Summons ☐ Pickup
- ☐ Juvenile Pickup ☐ Other

**COURT:**
TAMPA COURT ☒ PLANT CITY CT ☐

**LOCATION OF ARREST** 1115 E. Eskimo Ave   **DATE OF ARREST** 02-01-08   **TIME OF ARREST** 2019

**NOTICE TO APPEAR:**
- ☐ Arresting officer
- ☐ Booking supervising officer

**BOOKING #** 08007081   **SOID #** 128207   **WEAPON TYPE**   **WEAPON SEIZED** Yes ☐ No ☒

---

**NAME** Al-Hakim (Last)   Marzuq (First)   Abdul (Middle)   **ALIAS**

**COMPLEXION** Dark **BUILD** Medium
**HEIGHT** 5'11 **WEIGHT** 180
**COLOR: EYES** Brown **HAIR** Black

**RACE:** B   **SEX** M   **D.O.B.** 03/15/1957   **APPROXIMATE AGE**
W-White   I-American Indian/Alaskan Native   HW-Hispanic White   HB Hispanic Black   B-Black   O-Oriental/Asian

**LOCAL ADDRESS** (Street, Apt. #, City, State, Zip) 1115 E. Eskimo Ave   Tampa, FL 33604   Ph #: 813-915-9196

**Permanent Address** (Street, Apt. #, City, State, Zip)   Ph #:

**Business Address** (Street, Apt. #, City, State, Zip)   Ph #:

**Driver's License No.** A425541570959   **State** FL   **SS #** 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   **PLACE OF BIRTH** FL   **DOC #**

**Gang Member:** Yes ☐ No ☒   **Gang Name**
**SCARS, MARKS, TATOOS,**
**UNIQUE FEATURES** (Loc., Type, Desc.)
**IF JUVENILE:**
**School Name**   Ph #:
**Mother/Guardian**   Ph #:
**Father/Guardian**   ☐ Other
**Released To:** JAC ☐   Parent ☐   Guardian ☐   Other Relationship ☐

SCANNED

---

**Co-Defendant** (Last., First, Middle) None   Sex:   Race:   DOB
Arrested ☐   At Large ☐   Caplas/Warrant Requested ☐   Felony ☐   Misdemeanor ☐   Juvenile ☐

**Co-Defendant** (Last., First, Middle)   Sex:   Race:   DOB
Arrested ☐   At Large ☐   Caplas/Warrant Requested ☐   Felony ☐   Misdemeanor ☐   Juvenile ☐

---

| STATUTE (subsec.) / ORD # | DV | CP | CHARGE STATUS | BOND SET | CHARGE | TRAFFIC CITATION # | DRUG ACT/TYPE |
|---|---|---|---|---|---|---|---|
| 365.171 | N | N | M | | "911" Abuse | N. | N |

**CHARGE STATUS:** F-Felony   M-Misdemeanor   T-Traffic   O-Ordinance   FT-Felony Traffic   DV-Domestic Violence   CP-Child Present
**ACTIVITY:** N-N/A   P-Possess   S-Sell   B-Buy   T-Traffic   R-Smuggle   D-Deliver   E-Use   K-Dispense/Distribute   M-Manufacture/Produce/Cultivate   Z-Other
**Type:** N-N/A   A-Amphetamine   B-Barbiturate   C-Cocaine   E-Heroin   H-Hallucinogen   M-Marijuana   O-Opium/Deriv.   P-Paraphernalia/Equipment   S-Synthetic   U-Unknown   Z-Other

---

A LIST OF TANGIBLE EVIDENCE (If none, write "None") (Evidence List must be provided for all NOTICES TO APPEAR)

| DESCRIPTION/AMOUNT PER UNIT | RECOVERED BY | GIVEN TO | PRESENT LOCATION |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

---

Mandatory Appearance in Court ☐   You need not appear in Court, but must comply with instructions on Reverse Side.

**COURT INFORMATION:** You must appear in County Court at the:

COURTHOUSE TOWER ANNEX, 801 E. TWIGGS STREET ☐
(Corner of Jefferson & Twiggs Street), TAMPA, FLORIDA 33602

COUNTY OFFICE BUILDING, MICHIGAN & REYNOLDS STREET ☐
PLANT CITY, FLORIDA 33566

**Division**   **COURTROOM**   **ON**   , 20   at   a.m. ☐   p.m. ☐

I agree to appear at the time and place designated above to answer for the offense(s) charged or to pay the fine subscribed. I understand that if I willfully fail to appear before the Court as required by this Notice to Appear, I may be held in contempt of Court and a warrant for my arrest shall be issued. You may also be charged with the crime of Failure to Appear, F.S. 843.15. I certify that my address as listed above is correct and I further understand that I have a continuing duty to advise the Court of any changes

AGENCY REPORT # 08-65659

AGENCY NAME Tampa PD

State facts to establish probable cause that the crime was committed by the defendant at the time of the arrest.

The defendant called 911 to ask for a captain to respond to his residence. There was already four officers at the defendant's address at the time he called 911. He admitted that he was not calling 911 to report a crime.

The defendant was identified by his FL ID Card

Judgement requested against defendant for agency investigative cost per Florida Statute 938.27: $ 70⁰⁰

OFFICER J. Womack

I.D. # 42518          Dist. & Squad 2/204

(Please Print The Above Information)

POLICE REPORT WRITTEN: Yes ☒ No ☐

OFFICER D. Hassett          I.D. # 43248          Dist. & Squad 2/204

I SWEAR THAT THE ABOVE STATEMENTS ARE CORRECT TO THE BEST OF MY KNOWLEDGE. FOR NOTICES TO APPEAR, I ALSO CERTIFY THAT A COMPLETE LIST OF WITNESSES AND EVIDENCE KNOW TO ME IS ATTACHED.

SWORN TO AND SUBSCRIBED BEFORE ME THIS

Sgt A.R. [illegible] 1st DAY OF February, 2008

NAME/Title of Person Authorized to Administer Oath    TPD /LEO    II 44941

AFFIANT, Signature

AFFIANT, Print/Type Name D. Hassett

NOTE: The WHITE COPY of VICTIM'S / WITNESSES goes to the Clerk's Office ONLY on Notices To Appear. In all other cases, it should be removed. The Jail or JAC personnel will determine this for all defendants turned over to them. In all Notices To Appear issued by the Arresting Officer, the Arresting Officer should leave the WHITE copy of VICTIM'S / WITNESSES attached.

CLERK OF COURT

SAO FORM-425, 10/03

HILLSBOROUGH COUNTY CRIMINAL DIVISION / SDEMEANOR

DATE: 28-FEB-2008          SCHED TIME: 08:30 AM       CASE ID: 08-CM-002289 DIV: G
JUDGE: RICE, ELIZABETH G   ROOM CODE: CR19            OFFENSE DATE: 01-FEB-2008
DEF: ALHAKIM, MARZUQ A.    PARTY ID: 000018969        SOID #: 00128207
AKA'S: ALHAKIM, MARZUQ A.  BOOKING #: 08007081        JAIL IND: N
       ACHAKIM, MARZUQ     ELEC CT REP:               ATTORNEY: PUBLIC DEFENDER
                                                      ST. ATTY: MARTINEZ, RICARDO

( )RECALL ( )LEAVE OUTSTANDING ( )NOT ISSUED( )SET ASIDE EST ( )NOT EST

COUNT  CHARGE LEVEL  CHARGE DESCRIPTION            EVENT  BOND AMT  TYPE
   1   MISDEMEANOR   HARRASSING TELEPHONE CALLS    ARGN   $ 500.00  BAIL BOND (S
***************************************************************************
APPEARANCE    ( )NOAD ( )IN CUSTODY - THIS CASE Y/N    ( ) WAIVED APPEARANCE
( )DEFENDANT ( )INTERPRETER_____ ( )VICTIM ( )PARENT ( )OTHER_____
( )COUNSEL_____ ( )PD APPOINTED ( )_____APPLI FEE
PLEA:
( )NOT GUILTY ( )GUILTY ( )NO CONTEST ( )NONE ( )COURT ( )VOP ADMIT ( )VOP DENY
CASE CONTINUED TO: _____ ( )AM ( )PM ( )PRETRIAL_____
( )DISPO ( )NJT ( )VOP ( )MOT ( )JURY ( )REVIEW ( )COMP ( )TPA ( )SENT ( )ARN
( )VOP SENT ( )VOP HRG W/W

MINUTES:                              MINUTES:
( )JURY ( )NON JURY ( )JURY SWORN ( )MOT   ( )WAIVE ( )ARGN ( )SPEEDY TRIAL ( )JURY
( )TESTIMONY ( )EVIDENCE: ( )RECD ( )RLSD  ( )STRIKE ( )UNSERVED SUMMONS ( )NO ACTION
( )JOA ( )GRANTED ( )DENIED                ( )RESTITUTION ( )MADE ( )MAKE
( )VERDICT ( )GUILTY ( )NOT GUILTY
                                          ( )ESTREAT BOND
DISPOSITION:                              ( )ISSUE CAPIAS/BOND SET AT $_____
( )FOUND IN VIOL ( )YES ( )NO             ( )ISSUE CAPIAS/BOND SET AT $_____
( )DISMISSED: ( )NOLLE PROSSED:           ( )ISSUE CAPIAS/BOND SET AT $_____
( )MIP / DIVERSION CLOSE FILE             ( )FAIL TO PAY ( )CASH BOND
( )PROB TERMINATED ( )SUCC ( )UN-SUCC
********************************SENTENCE INFORMATION****************************
1 : ( )WITHHOLD ( )GUILTY $_____FINE $_____COSTS $_____DRUG TRUST $_____CT FAC
       PROBATION:_____MONTHS ( )REVOKE ( )REINSTATE ( )SAME TERMS ( )CONTINUE
       JAIL:_____ ( )DAYS ( )MONTHS ( )W/CREDIT ( )YEAR ( )TIME SRVD ( )SUSP

( )TO PAY TODAY                    ( )MAKE RESTITUTION          ( )DUI SCH ( )LVI
( )NO CONTACT WITH VICTIM          ( )COMM SERV HRS_____NEAT/HCSOWD  ( )VICT IMP PANE
( )NO VIOLENT CONTACT WITH VICTIM  ( )DR.LIC REVOC_____     ( )DEF DR.SCH
( )DOM VIOL ASSM&TRMT IF NEEDED    ( )RECIPROCAL CONVERSION      ( )GET LICENSE
( )ANGER MGMT CLASS                ( )SPECIFIED RESIDENCY        ( )DO NOT DRIVE
( )ATTEND AA/NA MEETINGS           ( )LETTER OF APOLOGY          ( )HEALTH TEST
( )EVAL/TRMT: ( )DRUG ( )ALCL ( )PSYCH ( )PETIT THEFT SCHOOL     ( )AIDS VIDEO
( )RANDOM URINE SCREENS            ( )STAY AWAY FROM LOC. OF OFFENSE ( )IND SCREEN
( )CONCURRENT W/_____    ( )CONSECUTIVE TO_____    ( )W/IN____DAYS
( )EARLY TERM ( )YES ( )NO         ( )PD LIEN $_____
                                      ( )CASE RECALLED SEE PAGE_____


DEFENDANT'S SIGNATURE_____   PAY BY _____
                                                OR APPEAR IN COURT ON_____


FAILURE TO APPEAR OR PAY FINE AT NEXT SCHEDULED COURT DATE WILL RESULT IN CAPIAS
BEING ISSUED.
GWAD JDSE CTHC JONG JOAF **** ORPR JUDG WJT **** TKCB CBRO CDOB **** PPFEE

pose reasonable surety
removal of wireless com-
no longer being used.
ay impose design require-
s for designing towers to
atic requirements, except
ction, but shall not impose
pliance with building code
ruction or modification of
facilities beyond those
ment under chapter 553
pes of construction.
nay not require wireless
e of a wireless communi-
with federal regulations,
e with applicable Federal
rements under 14 C.F.R.
dence of proper Federal
n licensure, or other evi-
nications Commission
may request the Federal
n to provide information
npliance with federal reg-
deral law.
I shall grant or deny each
on for a collocation under
the application's compli-
nent's applicable regula-
subparagraph. (a)1. and
on, and within the normal
g permit review but in no
days after the date the
be properly completed in
ph.
shall grant or deny each
on for any other wireless
sed on the application's
ernment's applicable reg-
ited to land development
his subsection and within
nilar type review but in no
days after the date the
be properly completed in
ph.
deemed submitted, of
application is received by
ocal government does not
that the application is not
h the local government's
ss days after the date the
ted or additional informa-
ion is deemed, for admin-
e properly completed and
r, the determination shall
al of the application. If the
d in compliance with the
ns, the local government
n writing and the notifica-
city any deficiencies in the
ncies in the content of the
cured, make the applica-
on resubmission of infor-
ciencies, the local govern-

ment shall notify the applicant, in writing, within the nor-
mal timeframes of review, but in no case longer than 20
business days after the additional information is sub-
mitted, of any remaining deficiencies that must be
cured. Deficiencies in document type or content not
specified by the local government do not make the
application incomplete. Notwithstanding this sub-
subparagraph, if a specified deficiency is not properly
cured when the applicant resubmits its application to
comply with the notice of deficiencies, the local govern-
ment may continue to request the information until such
time as the specified deficiency is cured. The local gov-
ernment may establish reasonable timeframes within
which the required information to cure the application
deficiency is to be provided or the application will be
considered withdrawn or closed.

b. If the local government fails to grant or deny a
properly completed application for a wireless communi-
cations facility within the timeframes set forth in this
paragraph, the application shall be deemed automati-
cally approved and the applicant may proceed with
placement of the facilities without interference or pen-
alty. The timeframes specified in subparagraph 2. may
be extended only to the extent that the application has
not been granted or denied because the local govern-
ment's procedures generally applicable to all other sim-
ilar types of applications require action by the govern-
ing body and such action has not taken place within the
timeframes specified in subparagraph 2. Under such
circumstances, the local government must act to either
grant or deny the application at its next regularly sched-
uled meeting or, otherwise, the application is deemed
to be automatically approved.

c. To be effective, a waiver of the timeframes set
forth in this paragraph must be voluntarily agreed to by
the applicant and the local government. A local govern-
ment may request, but not require, a waiver of the
timeframes by the applicant, except that, with respect
to a specific application, a one-time waiver may be
required in the case of a declared local, state, or federal
emergency that directly affects the administration of all
permitting activities of the local government.

(e) The replacement of or modification to a wireless
communications facility, except a tower, that results in
a wireless communications facility not readily discern-
ibly different in size, type, and appearance when
viewed from ground level from surrounding properties,
and the replacement or modification of equipment that
is not visible from surrounding properties, all as reason-
ably determined by the local government, are subject to
no more than applicable building permit review.

(f) Any other law to the contrary notwithstanding,
the Department of Management Services shall negoti-
ate, in the name of the state, leases for wireless com-
munications facilities that provide access to state gov-
ernment-owned property not acquired for transporta-
tion purposes, and the Department of Transportation
shall negotiate, in the name of the state, leases for
wireless communications facilities that provide access
to property acquired for state rights-of-way. On prop-
erty acquired for transportation purposes, leases shall
be granted in accordance with s. 337.251. On other
state government-owned property, leases shall be

granted on a space available, first-come, first-served
basis. Payments required by state government under a
lease must be reasonable and must reflect the market
rate for the use of the state government-owned prop-
erty. The Department of Management Services and the
Department of Transportation are authorized to adopt
rules for the terms and conditions and granting of any
such leases.

(g) If any person adversely affected by any action,
or failure to act, or regulation, or requirement of a local
government in the review or regulation of the wireless
communication facilities files an appeal or brings an
appropriate action in a court or venue of competent
jurisdiction, following the exhaustion of all administra-
tive remedies, the matter shall be considered on an
expedited basis.

(13) MISUSE OF 911 OR E911 SYSTEM; PEN-
ALTY.—911 and E911 service must be used solely for
emergency communications by the public. Any person
who accesses the number 911 for the purpose of mak-
ing a false alarm or complaint or reporting false infor-
mation that could result in the emergency response of
any public safety agency; any person who knowingly
uses or attempts to use such service for a purpose
other than obtaining public safety assistance; or any
person who knowingly uses or attempts to use such
service in an effort to avoid any charge for service,
commits a misdemeanor of the first degree, punishable
as provided in s. 775.082 or s. 775.083. After being
convicted of unauthorized use of such service four
times, a person who continues to engage in such unau-
thorized use commits a felony of the third degree, pun-
ishable as provided in s. 775.082, s. 775.083, or s.
775.084. In addition, if the value of the service or the
service charge obtained in a manner prohibited by this
subsection exceeds $100, the person committing the
offense commits a felony of the third degree, punish-
able as provided in s. 775.082, s. 775.083, or s.
775.084.

(14) STATE LAW NOT PREEMPTED.—This sec-
tion and ss. 365.173 and 365.174 do not alter any state
law that otherwise regulates voice communications
services providers.

History.—s. 1, ch. 99-367; s. 2, ch. 2001-133; s. 7, ch. 2002-48; s. 19, ch.
2003-32; s. 1, ch. 2003-182; s. 4, ch. 2005-171; s. 2, ch. 2007-78.
¹Note.—Section 14, ch. 2007-105, provides that "[u]nless otherwise specified in
this act, the Department of Management Services, established in s. 20.22, Florida
Statutes, shall assume the duties and responsibilities of the State Technology
Office as set forth in ss. 215.322(2), 282.102, 282.103, 282.104, 282.105, 282.106,
282.107, 282.1095, 282.111, 282.21, 282.22, 288.1092, 288.1093, 365.171,
365.172, and 365.173, Florida Statutes."

¹365.173 Emergency Communications Number
E911 System Fund.—

(1) All revenues derived from the fee levied on sub-
scribers under s. 365.172 must be paid by the board
into the State Treasury on or before the 15th day of
each month. Such moneys must be accounted for in a
special fund to be designated as the Emergency Com-
munications Number E911 System Fund, a fund cre-
ated in the Technology Program, or other office as des-
ignated by the Secretary of Management Services
and, for accounting purposes, must be segregated into
two separate categories:

(a) The wireless category; and

**TAMPA PD**
**GENERAL OFFENSE HARDCOPY**

GO 2008-65639 (ARREST -PATR)                    900C - 2 MAKE FALSE 911 CALL

## General Offense Information

Operational status : **ARREST -PATROL**
Reported on **Feb-01-2008 (Fri.) 2019**
Occurred on **Feb-01-2008 (Fri.) 2019**
Approved on **Feb-02-2008 (Sat.)** by **44856 - FLYNN, YVETTE**
Report submitted by **49248 - HASSETT, DAVID**
Org unit : **Squad 204**
Accompanied by **42518 - WOMACK, JOHN**
Located at **1115 ESKIMO AV E**
  Municipality : **Tampa**
  District : **2**   Beat : **D5**   Grid : **29**

## Offenses (Completed/Attempted)

Offense : #1  **900C - 2 MAKE FALSE 911 CALL - COMPLETED**
Location : **Residence-Single**
Suspect used : **Not Applicable**
Criminal activity : **Not Applicable**
Weapon type : **Not Applicable**

## General Offense Information (cont'd)

Felony/Misdemeanor : **M**   Bias : **None (no bias)**
Family violence : **NO**
IBR Clearance status : **Not Applicable**

## Related Event(s)

**CP**      **2008-65639**

## Related Person(s)

Case Specific : **ARRESTEE - 01   ALHAKIM, MARZUQ ABDUL**
  **BLACK MALE**
  Ethnicity : **USA**
  Born on **Mar-15-1957**
  Residing at **1115 ESKIMO ST , TAMPA , Florida 33604-**
  **Phone Numbers**
Home : **(813)930-6682**   Business : **(813)236-3860**

  S.S.N. : **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**
  Occupation : **DISABLED**
  Employed by **NONE**
  Driver's license : **A425541570959  Florida**
  **Single Speaks English**
  **America, United Stat** Citizen
  Disability : **None Known**
  **5'11** in height,
  Hair color : **BLACK**
  Eye color : **BROWN**
Reference Master Name Index
  **ALHAKIM, MARZUQ ABDUL**
  **BLACK MALE**
  Ethnicity : **USA**
  Born on **Mar-15-1957**

**TAMPA PD**
**GENERAL OFFENSE HARDCOPY**

GO 2008-65639 (ARREST -PATR)                    900C - 2 MAKE FALSE 911 CALL

Linkage factors
  Resident status : **City (Tampa)**
  Offense : **900C - 2 MAKE FALSE 911 CALL - COMPLETED**
  Arrest date : **Feb-01-2008 (Fri.)**
  Arrest type : **Taken into Custody/Booked**

## Use of Force Details

Use of Force Information
  Date occurred : **Feb-01-2008 (Fri.)**
  Time occurred : **2019**
  Location : **1115 ESKIMO AV E**
  Nature of contact : **Other**
  Reason : **Necessary to Effect Arrest**
  Subject's conduct : **Refused to Comply With Verbal Commands**
  Subject's resistance : **Presence**
  Level of force or control used:
    **Handcuffs**

Effects of Force Used
  On subject : **No Visible Injury,No Medical Attention Required**
    Rendered unconscious : **N**
    Treatment : **No Treatment Necessary**
    Transported to : **Jail**

  On police : **No Visible Injury,No Medical Attention Required**

Officers Involved
  Reporting officer : **HASSETT, DAVID**
  Date reported : **Feb-01-2008 (Fri.)**
  Assisting officer #1 : **WOMACK, JOHN**
    Used force : **N**
      Witnessed : **Y**

Supervisor Information
  Supervisor notified: **ROBERTS, ASHLEY**
  Date notified : **Feb-01-2008 (Fri.)**
  Time notified : **2020**
  Responded: **Y**

## Related Business(es)

**VICTIM - 01  -TAMPA POLICE DEPT.**
  Located at **411 N.FRANKLIN ST. , TAMPA , Florida 33602-**
  Phone no. : **(813)242-3800**
  Type : **Police Departments**

  IBR Business type : **Law Enforcement Agency**
  Victimized by offense : **900C - 2 MAKE FALSE 911 CALL - COMPLETED**

**TAMPA PD**
**GENERAL OFFENSE HARDCOPY**

**GO 2008-65639 (ARREST -PATR)**                    **900C - 2 MAKE FALSE 911 CALL**

**Related text page(s)**

Document: **CASE SUMMARY**
    Author: **49248 - HASSETT, DAVID**
 Related date/time: **Feb-01-2008**
On 02/01/08 at 2019 hours, Marzuq Al-Hakim was arrested for 911 abuse at
1115 E. Eskimo Ave. Al-Hakim called 911 to request a Captain while three
officers and a corporal were at the residence.

**Related text page(s)**

Document: **INITIAL REPORT**
    Author: **49248 - HASSETT, DAVID**
 Related date/time: **Feb-01-2008**
On 02/01/08 at 1930 hours, I responded to 1115 E. Eskimo Ave in reference
to case report 08-65503. See case report 08-65503 for additional details.

At 2019 hours, Corp Womack and I back to 1115 E. Eskimo Ave in reference to
a disturbance. The remarks in the call indicated that the 911 call taker
could hear a male yelling in the background. While en route, the
communication center advised that the male caller called back and requested
a supervisor respond to the scene.

Upon arrival, Corp Womack and I made contact with Marzuq Al-Hakim on the
front porch of the residence. He was sitting in a chair with a cord less
phone in his hand. Corp Womack was speaking with Al-Hakim about the
officers which came to his residence looking for his brother, Reginald
Harris and Tavares Owens. During the conversation, Ofc K. Powell and Ofc C.
Cundiff arrived at the scene.

While three officers and Corp Womack was on scene, Al-Hakim called 911 and
asked the operator to send a Captain to his house. Corp Womack and I
witnessed Al-Hakim call 911 and make the request for a Captain.

When asked why he called 911 with three officers and a corporal on scene,
he said that he wanted a captain to come to his house. He never asked any
of the officers or Corporal Womack for a different supervisor.

Corp Womack told Al-Hakim that he was being arrested for abuse of 911
services. I secured Al-Hakim in handcuffs and placed him in the rear seat
of my fully marked police cruiser.

Sgt A. Roberts responded to the scene and spoke with Al-Hakim about the
incident. During the conversation, Al-Hakim admitted that he did not call
 911 to report a crime or emergency. He called 911 to request a captain
respond to his house.

A computer check of Al-Hakim revealed no wants or warrants. He had no
illegal items on his person. I transported Al-Hakim to the HCSO jail
without incident. He was not released on a NTA because of a previous
failure to appear charge.

I obtained a copy of the 911 call from the communication center. I
submitted the 911 tape into evidence.

**TAMPA PD**
**GENERAL OFFENSE HARDCOPY**

GO 2008-65639 (ARREST -PATR)                    900C - 2 MAKE FALSE 911 CALL

**Related text page(s)**

        Document: **STATEMENT**
          Author: **49248 - HASSETT, DAVID**
                Subject: **ALHAKIM, MARZUQ ABDUL**
     Related date/time: **Feb-01-2008**
While at the scene, he called 911 in the presence of three officers and a
corporal. He asked the 911 operator to send a Captain to his residence. He
admitted that he did not call 911 to report a crime. He called 911 to
request to have a Captain sent to his house about the officers and
corporals demeanor. He admitted that he did not call 911 to report a crime
or an emergency.

**Related text page(s)**

        Document: **SUPPLEMENTAL**
          Author: **42518 - WOMACK, JOHN**
     Related date/time: **Feb-01-2008 2214**
On the listed date I responded to 1115 E. Eskimo in reference to a citizen
that wanted to make a complaint on officers that were at his house earlier.
He made a 911 call to get officers out for the non-emergency call. When I
arrived I began talking to a b/m on the porch named Marzuq Abdul Al-Hakim
3/15/57 (def). he began explaining his complaint and as I attempted to
explain why officers were at his house and an investigation procedures take
place, he interrupted me several times and would not let me explain.

I then started trying to explain that I would talk to the officers about
any misconduct and he picked up his phone and dialed a number, which he
only pushed three numbers. While standing right in front of the def along
with three other officers, I asked my dispatcher to check with 911
dispatchers to see if the subject had called 911. She claimed yes and that
he was still on the phone.

 The def was on the phone requesting another supervisor (captain) to respond
to his house because he did not like my response to his complaint. The
subject was not in need of any emergency services or had an emergency, but
he still utilized 911 to make a call. The def was then told to hang the
phone up, because he was under arrest. He stood up and I grabbed the left
arm and Officer Hasssett grabbed the right arm and he was place into cuffs.

The subject continued to be loud and would not listed to instructions so i
pointed my finger at him and touched his right shoulder to get his
attention for him to listed to the instructions we were giving him. He
then complied and was walked to the car. He was then given the opportunity
to make his complaint to Sgt. A. Roberts and then he was taken to orient
Road Jail. The 911 tape was placed into evidence by Officer Hassett.

**Conclusion Information**

**TAMPA PD**
**GENERAL OFFENSE HARDCOPY**

GO 2008-65639 (ARREST -PATR)                    900C - 2 MAKE FALSE 911 CALL

General Information
  Agency : **TPD**
  Cleared status : **Cleared by Arrest - Adult**
  Cleared on **Feb-01-2008 (Fri.)** by **49248 - HASSETT, DAVID**
  Approved by **44856 - FLYNN, YVETTE**
  Complainant/Victim notified : **NO**

Persons Involved
  Adults charged:    Males : **01**          Females : **00**
  Juvenile charged:  Males : **00**          Females : **00**
  Juvenile involved: Males : **00**          Females : **00**

## Related Property Report

Report Information
  Report Number : **1164201**
  Property case status : **EVIDENCE/HELD**
  Submitted on **Feb-02-2008 (Sat.)** by HASSETT, DAVID
  Offense : **GO 2008-65639**
  Insurance letter received : **NO**
  General remarks : **AL-HAKIM, MARZUG  03/15/57**
  Related items : **1**

**Article - Evidence**
Status:    **EVID/HLD**                        Tag #:   **1164201-1**
Article:    **RATAPE - Audio Tape (All Types)**
Make:
Model #:                                       # of Pieces:
Ser. #1:   **UNK**                             OAN:
Ser. #2:
Value:                                         Color:
Description:    **TAPE OF 911 CALL**
Recovered Date:                                Recovered Value:
Recovered Location:
Flags: *e

    Report Number : **1163639**
    Property case status : **EVIDENCE/HELD**
    Submitted on **Feb-02-2008 (Sat.)** by HASSETT, DAVID
  Org unit : **Squad 204**
    Offense : **GO 2008-65639**
    Insurance letter received : **NO**
    General remarks : **CASSETTE TAPE OF THE 911 CALL**
    Related items : **1**

**Miscellaneous**
Description:    **CASSETTE TAPE OF 911 CALL MADE BY MARZUQ AL-HAKIM**
Status:    **EVID/HLD**
Tag #:    **1163639-1**
Recovered Date:
Recovered Location:
Item:   **CASSETTE TAPE OF 911 CALL**          Value:   **$1.00**

For: P29247  Thursday February 14, 2008                    Page: 5    of 6

**TAMPA PD**
**GENERAL OFFENSE HARDCOPY**

GO 2008-65639 (ARREST -PATR)                    900C - 2 MAKE FALSE 911 CALL

Qty:  1
Flags:

**\*\* END OF HARDCOPY \*\***

**TAMPA PD**
**GENERAL OFFENSE HARDCOPY**

**GO 2008-65503 (REFERRED)**                    **900Z - 20 DWLS HABITUAL (FELONY)**

## General Offense Information

Operational status : **REFERRED**
Reported on **Feb-01-2008 (Fri.) 1846**
Occurred on **Feb-01-2008 (Fri.) 1846**
Approved on **Feb-02-2008 (Sat.)** by **44941 - ROBERTS, ASHLEY**
Report submitted by **42518 - WOMACK, JOHN**
Org unit : **Squad 206**
Located at **ANNIE ST E / 11TH ST N**
    Municipality : **Tampa**
    District : **2**   Beat : **C7**   Grid : **20**

## Offenses (Completed/Attempted)

Offense : #1 **900Z - 20 DWLS HABITUAL (FELONY) - COMPLETED**
Location : **Highway/Roadway**
Suspect used : **Not Applicable**

Offense : #2 **900Z - 31 FLEE OR ELUDE - HIGH SPEED - COMPLETED**
Location : **Highway/Roadway**
Suspect used : **Not Applicable**

## General Offense Information (cont'd)

Felony/Misdemeanor : **F**   Bias : **None (no bias)**
Family violence : **NO**
IBR Clearance status : **Not Applicable**

## Related Event(s)

## Related Person(s)

Case Specific : SUSPECT/OFF - 01   **OWENS, TAVARAS DEMETRIUS**
    **BLACK MALE**
    Ethnicity : **USA**
    Born on **Mar-13-1976**
    Residing at **AT LARGE , TAMPA , Florida 33610-**
**Phone Numbers**
Home : **(813)337-1376**   Home : **(813)531-4526**

S.S.N. : **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** Born in **Florida**
Driver's license : **0520807760930  Florida**
**Single** Speaks **English**
**America, United Stat** Citizen
Disability : **Drug/Alcohol Addiction**
**6'02** in height,  Weighing **200 lbs**
**DARK** complexion, **Medium**  build
Hair color : **BLACK**
Hair style : **Short Length**
Eye color : **BROWN**
**Right Handed**
Additional remarks :
    **HANGS OUT NEAR 11TH / LINEBAUGH AREA**
Reference Master Name Index
**OWENS, TAVARAS DEMETRIUS**
    **BLACK MALE**

**TAMPA PD**
**GENERAL OFFENSE HARDCOPY**

<u>GO 2008-65503 (REFERRED)</u>                    900Z - 20 DWLS HABITUAL (FELONY)

Ethnicity : USA
Born on **Mar-13-1976**

Linkage factors
  Resident status : **City (Tampa)**


**EYEWITNESS - 01   MACK, BRIANNA NICOLE**
  **BLACK FEMALE**
  Ethnicity : **Non-Hispanic**
  Born on **Sep-20-1988** Residing at **1212 HOLLAND ST E** , **TAMPA** , **Florida 33612-**
  **Phone Numbers**
  Home : **(813)977-7130**   Business : **(813)000-0000**
  Home : **(813)977-7130**

  Born in **Florida**
  Occupation : **STUDENT**
  Employed by **WHARTON HS  UNK**
  Marital status: **Single**
  Disability : **Combination**
  **5'10** in height,  Weighing **170 lbs**
  **MEDIUM** complexion, **Heavy** build
  Hair color : **BROWN**
  Hair style : **Braids**
  Eye color : **BROWN**
  Additional remarks :
      **TT BACK/TT BUTTK/TT BOTH ARMS**
  Aliases   : **MACK, BRIANA NICOLE**
            : **MACK, BRIANNA NICHOLE**
            : **MACK, BRIANA NICOLE**

  Linkage factors
    Resident status : **City (Tampa)**
    Statement taken : **YES**


**VEHICLE OWN - 01   HARRIS, REGINALD A**
  **BLACK MALE**
  Ethnicity : **Non-Hispanic**
  Born on **Aug-27-1959** Residing at **1115 E ESKIMO** , **TAMPA** , **Florida 33604-**
  **Phone Numbers**
  Home : **(813)915-9196**   Business : **(813)000-0000**

  Born in **Florida**
  Occupation : **NA**
  Employed by **UNEMPL  SKIPPER / NEBRASKA**
  Marital status: **Single**
  Disability : **None Known**
  **5'08** in height,  Weighing **170 lbs**
  **MEDIUM BROWN** complexion, **Medium** build
  Hair color : **BLACK**
  Hair style : **Crew Length**
  Eye color : **BROWN**
  Facial hair : **Mustache Thin**
  Facial hair color : **Black**

**TAMPA PD**
**GENERAL OFFENSE HARDCOPY**

<u>GO 2008-65503 (REFERRED)</u>                    <u>900Z - 20 DWLS HABITUAL (FELONY)</u>

Additional remarks :
    **NO VALID DRIVERS LICENSE.**
Aliases  : **HARRIS, REGINALD AURELIO**
         : **HARRIS, REGINALD AURELIO**
         : **HARRIS, REGGIE**

Linkage factors
  Resident status : **City (Tampa)**
  Statement taken : **YES**


<u>**Use of Force Details**</u>

Use of Force Information
  Date occurred : **Feb-02-2008 (Sat.)**
  Time occurred : **1945**
  Location : **1115 E. ESKIMO AVE**
  Nature of contact : **Other**
  Reason : **Other**
  Subject's conduct : **Compliance**
  Subject's resistance : **Presence**
  Level of force or control used:
    **Handcuffs**

Effects of Force Used
  On subject : **No Visible Injury,No Medical Attention Required**
    Rendered unconscious : **N**
    Treatment : **No Treatment Necessary**
    Transported to : **Other**

  On police : **No Visible Injury,No Medical Attention Required**


Officers Involved
  Reporting officer : **HASSETT, DAVID**
  Date reported : **Feb-02-2008 (Sat.)**

Supervisor Information
  Supervisor notified: **WOMACK, JOHN**
  Date notified : **Feb-02-2008 (Sat.)**
  Time notified : **1945**


**OTHER - 01   ALHAKIM, MARZUQ ABDUL**
  **BLACK MALE**
  Ethnicity : **USA**
  Born on **Mar-15-1957** Residing at **1115 ESKIMO ST , TAMPA , Florida 33604-**
  **Phone Numbers**
Home : **(813)930-6682**  Business : **(813)236-3860**

  Occupation : **DISABLED**
  Employed by **NONE**
Marital status: **Single**
  Disability : **None Known**
  **5'11** in height,
  Hair color : **BLACK**
  Eye color : **BROWN**

**TAMPA PD**
**GENERAL OFFENSE HARDCOPY**

GO 2008-65503 (REFERRED)                    900Z - 20 DWLS HABITUAL (FELONY)

Linkage factors
 Resident status : City (Tampa)
 Statement taken : YES

## Related Vehicle(s)

Vehicle No. : 01 INVOLVED , Automobile (Regular Passenger)
 License : W775UC  Florida 2008
 VIN : 1C3XU41J1NF163671
 1992 CHRY LBN 2-Door TRQ/

Validation

## Related text page(s)

   Document : CASE SUMMARY
       Author : 42518 - WOMACK, JOHN
 Related date/time: Feb-01-2008 2146
The def ran several stop signs and when affiant activated the emergency
lights on marked police unit 738, the def fled at a high rate of speed
failing to stop.  A drivers license check revealed the def was a habitual
traffic violator as of 12/24/01 & 05/08/06.  The def fled from the vehicle
and was not apprehended.

## Related text page(s)

   Document : INITIAL REPORT
       Author : 42518 - WOMACK, JOHN
 Related date/time: Feb-01-2008 2155
On the listed date I observed the suspect to be driving a 1992 trq
Chrysler, Florida tag W775UC east on pointsettia.  The suspect was driving
fast and ran the stop sign at 10th St & 11th St.  I tried to conduct a
traffic stop in my marked police car # 738 by activating my emergency
lights.  The def then accelerated his vehicle to a high rate of speed and
failed to stop at the stop sign at 11th st & Linebaugh.  When the car did
not come back as stolen, I turned off my lights and let the subject go.  By
this time he was at E. Annie St. still south towards Busch, which is about
6 blocks away.

I could see the vehicle stopped at Busch as if he was waiting on traffic to
clear.  I then came up on the vehicle and observed the drivers door open
and the witness Mack standing by the passenger door of the vehicle. She was
detained and asked where the subject went.  She gave a description and
direction of the subject, but he was not located.  I never saw the def exit
 the vehicle, he was identified by both witnesses.

I then had Ofc Hassett go to 1115 E. Eskimo to locate the owner of the
vehicle and to see if he knew where his vehicle was and who would be
driving.  Witness Harris was located and he related that his cousin Tavaras

**TAMPA PD**
**GENERAL OFFENSE HARDCOPY**

<u>GO 2008-65503 (REFERRED)</u>                          <u>900Z - 20 DWLS HABITUAL (FELONY)</u>

Owens had the car.  I then pulled up a picture of that person and the
witness Mack immediately related that was the subject driving.  I then
asked her to confirm that was the subject and she related he was the one
driving.  We looked in the area for the subject but had negative results.

I then completed the CRA and citations and placed a pick-up for the
subject.  The car was released to the owner Harris (witness).  A pick-up
was placed for the suspect with Simons @0025 hours.


**Related text page(s)**


    Document: **STATEMENT**
       Author: **42518 - WOMACK, JOHN**
              Subject: **MACK, BRIANNA NICOLE**
    Related date/time: **Feb-01-2008 1900**
Sworn statement

The witness related she was in the car with Tavaras, but she knows him as
"T".  He was taking her to Mc Donald's to get some food.  She said the
police got behind them and he started driving fast and crazy.  He said he
had a bad license and had to get out of the car.  She said he stopped on
11th near Busch Blvd and ran from the car.  The witness related she
positively identified the suspect Tavaras as the one driving the car.



    Document: **STATEMENT**
       Author: **42518 - WOMACK, JOHN**
              Subject: **HARRIS, REGINALD A**
    Related date/time: **Feb-01-2008 2000**
The witness related that he was the owner of the car and he let Tavaras
Owens use the car to go get some girl food from McDonald's.  He said that
he comes around to use the car a lot and the next time he comes around he
will call to turn him in to police.



    Document: **STATEMENT**
       Author: **49248 - HASSETT, DAVID**
              Subject: **HARRIS, REGINALD A**
    Related date/time: **Feb-02-2008**
He advised that he let his cousin, Tavares Owens borrow his car on today's
date. Owens borrowed the vehicle from 1115 E. Eskimo Ave. Owens does not
live at the listed address. He did not know where Owens was currently
living. Owens left in the vehicle with an unknown black female. They were
supposed to come directly back to the house after McDonald's. He had not
seen Owens since he left for McDonald's.

Initially, he refused to give consent to search the residence. Then, he
said that his brother just got "high" and was freaked out that the police
were at the house.

He advised that the house belonged to his parents. His father was not at
home at the time of the incident. Then, he gave consent to search the house

For: P29247 Thursday February 14, 2008

```
                            TAMPA PD
                 GENERAL OFFENSE HARDCOPY
GO 2008-65503 (REFERRED)              900Z - 20 DWLS HABITUAL (FELONY)
```

but did not think that his brother would be cooperative. He requested that
officers attempt to get his mother to come to the front door. He wanted to
knock of the bedroom window and yell for her to come outside.

Harris yelled for his mother to come outside with negative results. He also
asked his brother to have her come to the door with negative results. His
brothers refused to cooperate.


   Document: **STATEMENT**
      Author: 49248 - HASSETT, DAVID
         Subject: ALHAKIM, MARZUQ ABDUL
   Related date/time: **Feb-02-2008**
He refused to allow officer search the house for Owens. He said that it was
his brothers problem. He was upset that officers allowed Harris to yell for
his mother to come to the door.


**Related text page(s)**


   Document: **SUPPLEMENTAL**
      Author: 42518 - WOMACK, JOHN
         Subject: ATTACHMENTS
   Related date/time: **Feb-01-2008 2231**


   20080201223000166FDQ FL02902M0              TAVARAS       D
            OWENS                              19760313M

--DHSMV--

                                                        ORGAN
O-520-804-76-093-0
DONOR
TAVARAS,DEMETRIUS,OWENS
3706 E 38TH AVENUE                  TAMPA                 FL
33610

ID CARD                      DOB: 03/13/76 HT: 601 RACE: B SEX: M
CURRENT ID ISSUED:      12/07/2005 EXPIRES: 03/13/2010
NO FLORIDA LICENSE        - DO NOT ISSUE 30 DAY PERMIT SOC SEC:589054503
FLORIDA AUTHORITIES ONLY-IMPOUND VEH IF DRIVER IS OWNER OR CO-OWNER
 S.322.34(8)
DRIVER SUSP/REV RECD NOTICE BY CT ORDER/UTC OR PRIOR MOVING VIOLATION FOR
DWLSR

01/21/06   SUS-06.0 MOS DRIVE W/UNLAW BAL(.08% OR ABOVE)    1709XCA

O-520-804-76-093-0
10/25/94   REV-02 YEARS VIO CHAPTER 893 CONTROLD SUBSTANCE   1709XCA
07/08/03   REV-01 YEARS THEFT OF MTR VEH/PARTS/COMPONENTS
02/15/06   REV-01 YEARS THEFT OF MTR VEH/PARTS/COMPONENTS
05/08/06   REV-01 YEARS DRIVING UNDER THE INFLUENCE
12/24/01   REV-60.0 MOS HABITUAL TRAFFIC VIOLATOR

PAGE: 02

 O-520-804-76-093-0

For: P29247 Thursday February 14, 2008                    Page: 6   of 9

## TAMPA PD
## GENERAL OFFENSE HARDCOPY

**GO 2008-65503 (REFERRED)**                    **900Z - 20 DWLS HABITUAL (FELONY)**

| | | | | |
|---|---|---|---|---|
| 05/08/06 | REV-60.0 MOS | HABITUAL TRAFFIC VIOLATOR | | |
| 04/10/01 | SUSP-INDEF | FAILED TO APPEAR ON TRAFFIC SUMMONS | 3372AHJ | CO:03 |
| CT:1 | | | | |
| 04/10/01 | SUSP-INDEF | FAILED TO APPEAR ON TRAFFIC SUMMONS | 3375AHJ | CO:03 |
| CT:1 | | | | |
| 05/17/01 | SUSP-INDEF | FAILED TO PAY TRAFFIC FINE(PENALTY) | 4866AAX | CO:03 |
| CT:1 | | | | |
| 11/16/05 | SUSP-INDEF | FAILED TO PAY TRAFFIC FINE(PENALTY) | 9734BPS | CO:03 |
| CT:1 | | | | |

PAGE: 03

| | | | |
|---|---|---|---|
| O-520-804-76-093-0 | | | |
| 12/08/2005 FR-SUSP | NON-JUDGEMENT SUSPENSION | 114676135 | |
| 07/14/2006 FR-SUSP | NON-JUDGEMENT SUSPENSION | 615320767 | |
| 07/03/2006 FR-SUSP | NON-JUDGEMENT SUSPENSION | 415321037 | |

Document: **SUPPLEMENTAL**
   Author: **49248 - HASSETT, DAVID**
Related date/time: **Feb-02-2008**

On 02/01/08 at 1930 hours, I responded to 11th Street N and Busch Blvd in reference to assisting Corp Womack in reference to this case. Upon arrival, it was learned that the registered owner of the involved vehicle, Reginald Harris lived at 1115 E. Eskimo Ave. Per Corp Womack, I responded to the listed address in reference to making contact with Harris.

I relocated to 1115 E. Eskimo Ave. Upon arrival, I made contact with Reginald Harris and obtained the listed statement. He gave consent to search the house for the suspect, Tavares Owens but did not think his family would cooperate. He knew that Owens had a suspended DL and was upset that he fled from the police in his vehicle.

Al-Hakim refused to allow officers into the residence for the purpose of looking for Owens. He was uncooperative with the investigation.

I informed Corp Womack of the situation. He requested that I arrest Harris for his involvement with allowing Owens to use his vehicle with a suspended DL. He requested that I transport him back to the original scene to complete the paperwork. I complied with the request.

I relocated back to 11th St and Busch Blvd. Once at the scene, Corp Womack spoke with Harris about the incident. Harris agreed to cooperate with the investigation. The decision was made not to charge Harris and release him from our custody. I removed my handcuff from Harris. He left the area without further incident.

## TAMPA PD
## GENERAL OFFENSE HARDCOPY

**GO 2008-65503 (REFERRED)**                    **900Z - 20 DWLS HABITUAL (FELONY)**

### Follow Up Report(s)

**Follow Up # 1**
Assignment Information
   Assigned to **31874 - MAZZA, MICHAEL D**   Rank : **Detective**
   Org unit : **DLIS**
   Capacity : **Investigate/Case Manager**
   Assigned on **Feb-02-2008 (Sat.) 1947**   by **31874 - MAZZA, MICHAEL D**
   Report due on **Apr-02-2008 (Wed.)**

Submission Information
   Follow Up completed : **NO**

For: P29247  Thursday February 14, 2008

**TAMPA PD**
**GENERAL OFFENSE HARDCOPY**

GO 2008-65503 (REFERRED)                    900Z - 20 DWLS HABITUAL (FELONY)

## Conclusion Information

General Information
  Agency : **TPD**
  Cleared status : **Inactive**
  Cleared on **Feb-02-2008 (Sat.)** Approved by **44941 - ROBERTS, ASHLEY**
  Complainant/Victim notified : **NO**

Persons Involved
  Adults charged:   Males : **00**        Females : **00**
  Juvenile charged:  Males : **00**       Females : **00**
  Juvenile involved: Males : **00**       Females : **00**

**\*\* END OF HARDCOPY \*\***



# CITY OF TAMPA

Pam Iorio, Mayor                                        Office of the City Attorney

David L. Smith
City Attorney

April 22, 2008

Mr. Marzuq Al-Hakim
1115 E. Eskimo Avenue
Tampa, FL 33604

  Re: Marzuq Al-Hakim v. Sgt. Ashley Roberts and
     David Hassett of the Tampa Police Department
     Claim No.: GC621502008002537

Dear Mr. Al-Hakim:

  We are in receipt of your Verified Notice of Claim Under F.S. 768.28 (2007) faxed to the City on March 25, 2008. Please be advised that I am the attorney who will represent the City in this matter. Please address all future correspondence and/or pleadings to my attention.

         Very truly yours,

         Gary M. Glassman
         Senior Assistant City Attorney

GMG/mad
K:\Gary Glassman\Litigation\Al-Hakim v COT\ltr to Al-Hakim.doc

315 East Kennedy Blvd., 5th Floor • Tampa, Florida 33602 • (813) 274-8996 • FAX: (813) 274-8809

*TampaGov*
www.tampagov.net